# Supreme Court of Florida

---

No. SC22-1137

---

## IN RE: AMENDMENTS TO FLORIDA PROBATE RULES 5.040, 5.330, AND 5.930.

February 2, 2023
**CORRECTED OPINION**

PER CURIAM.

The Florida Bar's Probate Rules Committee (Committee) has filed a report proposing amendments to Florida Probate Rule 5.040 (Notice) to clarify the requirements for proof of service, and to Florida Probate Rule 5.330 (Execution by Personal Representative) to conform the rule to Florida Probate Rule 5.400 (Distribution and Discharge).[1] The Committee also proposes new Florida Probate Rule 5.930 (Affidavit of Qualified Custodian of Electronic Will), which contains a new form affidavit.

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

The Committee and the Board of Governors of The Florida Bar approved the proposed amendments. The Committee published its proposals for comment in *The Florida Bar News* prior to filing them with the Court and received no comments. After the Committee filed its report, the Court published the proposals for comment. No comments were received. Having considered the Committee's proposals, the Court hereby amends the Florida Probate Rules as proposed by the Committee. The more significant amendments are discussed below.

First, subdivision (a)(6) of rule 5.040 is revised to clarify that "evidence of delivery is not required" in probate proceedings when formal service is made by first-class mail. Subdivision (e) is amended to reflect that service is completed as provided in subdivision (a)(5).

Next, subdivision (g) of rule 5.330 is revised to conform the rule to rule 5.400 by requiring that a personal representative sign a petition for discharge rather than a petition for distribution and discharge.

Additionally, new rule 5.930 (Affidavit of Qualified Custodian of Electronic Will), which contains a form affidavit for use by custodians of electronic wills, is adopted.

Accordingly, the Florida Probate Rules are amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective April 1, 2023, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Probate Rules

James Grier Pressly III, Co-Chair, Florida Probate Rules Committee, Palm Beach, Florida, Stacy B. Rubel, Co-Chair, Florida Probate Rules Committee, Coral Gables, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

**Appendix**

**RULE 5.040.    NOTICE**

**(a)    Formal Notice.**

(1)    *Procedure for Formal Notice.* When formal notice is given, a copy of the pleading or motion ~~shall~~must be served on interested persons, together with a notice requiring the person served to serve written defenses on the person giving notice within 20 days after service of the notice, exclusive of the day of service, and to file the original of the written defenses with the clerk of the court either before service or immediately thereafter, and notifying the person served that failure to serve written defenses as required may result in a judgment or order for the relief demanded in the pleading or motion, without further notice.

(2)    *Effect of Service of Formal Notice.* After service of formal notice, informal notice of any hearing on the pleading or motion ~~shall~~must be served on interested persons, provided that if no written defense is served within 20 days after service of formal notice on an interested person, the pleading or motion may be considered ex parte as to that person, unless the court orders otherwise.

(3)    *Manner of Service of Formal Notice.* Formal notice ~~shall~~must be served in the following manner:

(A)-(D) [No Change]

(4)    *Persons to be Served.* Service of formal notice under (a)(3)(A) and (a)(3)(D) ~~shall~~must be made on the following:

(A)    service on an interested person represented by an attorney ~~shall~~must be made by delivery to the attorney at his or her regular place of business;

(B)    service on an interested person who has filed a request for notice ~~shall~~must be made by delivery to such interested person at the address given in the request for notice;

(C)　service on an incapacitated person or a person with a developmental disability ~~shall~~<u>must</u> be made by delivery:

(i)-(ii) [No Change]

(D)　service on a minor whose disabilities of nonage are not removed ~~shall~~<u>must</u> be made by delivery to the persons designated to accept service of process on a minor under chapter 48, Florida Statutes, at their usual place of abode or regular place of business;

(E)　service on any other individual ~~shall~~<u>must</u> be made by delivery to such individual at his or her usual place of abode or to any person authorized to receive service of a summons on behalf of the individual as provided in chapter 48, Florida Statutes; or

(F)　service on a corporation or other business entity ~~shall~~<u>must</u> be made by delivery to such corporation or other business entity as provided in chapter 48, Florida Statutes.

(5)　*Completion of Service.* Service of formal notice pursuant to subdivision (a)(3)(A) ~~shall~~<u>will</u> be complete upon receipt by the person to whom delivery is made. Service of formal notice pursuant to subdivision (a)(3)(B) ~~shall~~<u>will</u> be complete as provided in the Florida Rules of Civil Procedure for service of process. Service of formal notice pursuant to subdivision (a)(3)(C) ~~shall~~<u>will</u> be complete as provided by Florida law for service of process. Service of formal notice pursuant to subdivision (a)(3)(D) ~~shall~~<u>will</u> be complete ~~up~~on mailing.

(6)　*Proof of Service.* Proof of service ~~shall~~<u>must</u> be by verified statement of the person serving formal notice and there ~~shall~~<u>must</u> be attached to the verified statement the receipt signed by the person to whom delivery was made or other evidence satisfactory to the court that delivery was made. ~~Alternatively, i~~<u>I</u>f service is obtained pursuant to subdivision (a)(3)(D), the verified statement must state the basis for service by first-class mail, the date of mailing, and the address to which the first-class mail was sent<u>, and evidence of delivery is not required</u>. Proof of service

- 5 -

pursuant to subdivisions (a)(3)(B) or (a)(3)(C) ~~shall~~must be made as provided by Florida law for service of process.

**(b)** **Informal Notice.** When informal notice of a petition or other proceeding is required or permitted, it ~~shall~~must be served as provided in rule 5.041.

**(c)** **"Notice" Defined.** In these rules, the Florida Probate Code, and the Florida Guardianship Law "notice" ~~shall~~ mean<u>s</u> informal notice unless formal notice is specified.

**(d)** **Formal Notice Optional.** Formal notice may be given in lieu of informal notice at the option of the person giving notice unless the court orders otherwise. When formal notice is given in lieu of informal notice, formal notice ~~shall~~must be given to all interested persons entitled to notice. When formal notice is given in lieu of informal notice, that notice does not modify any time period otherwise specified by statute or these rules.

**(e)** **In the Manner Provided for Service of Formal Notice.** If a document is served in the manner provided for service of formal notice, service is completed ~~on receipt of the document, and~~<u>as provided in subdivision (a)(5).</u> ~~p~~<u>P</u>roof of service ~~shall~~must be in the manner set forth in subdivision (a)(6).

### Committee Notes

Formal notice is the method of service used in probate proceedings and the method of service of process for obtaining in rem jurisdiction over the person's interest in the estate property. The court does not acquire personal jurisdiction over a person by service of formal notice. "The manner provided for service of formal notice" is as provided in rule 5.040 (a) (3).

Informal notice is the method of service of notice given to interested persons entitled to notice when formal notice is not given or required.

Reference in this rule to the terms "mail" or "mailing" refers to use of the United States Postal Service.

**Rule History**

1975 Revision-2020 Revision: [No Change]

2023 Revision: Subdivision (a)(6) is amended to note evidence of formal notice is not required when sent by first-class mail. Subdivision (e) is amended to refer to subdivision (a)(5). Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

[No Change]

## RULE 5.330.   EXECUTION BY PERSONAL REPRESENTATIVE

Notwithstanding any other provisions of these rules, the personal representative ~~shall~~must sign the:

(a)-(f) [No Change]

(g)     petition for ~~distribution and~~ discharge; and

(h)     [No Change]

### Committee Notes

**Rule History**

1975 Revision-2010 Revision: [No Change]

2023 Revision: Subdivision (g) was edited to conform with Fla. Prob. R. 5.400. Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

[No Change]


# RULE 5.930.   AFFIDAVIT OF QUALIFIED CUSTODIAN OF ELECTRONIC WILL

STATE OF FLORIDA
COUNTY OF _____

   I, .....(affiant)....., state under oath that:

   1.      The affiant is:

   _____ a person domiciled in and a resident of Florida; or

   _____ a representative authorized to sign on behalf of .....(name of entity)..... which is incorporated, organized, or has its principal place of business in Florida.

   2.      The affiant has been informed that .....(name of "testator")..... has died. At the time of the testator's death, the affiant or entity the affiant represents was the qualified custodian (the "qualified custodian") who had custody of the electronic will .....(date of the "electronic will")......

   3.      The qualified custodian deposited the electronic will with the Clerk of Court of _____ County, Florida on .....(date)......

   4.      The electronic record that contains the electronic will was held in the custody of the qualified custodian at all times from .....(date)..... until it was deposited with the clerk of court.

   5.      To the best of the affiant's knowledge, the electronic record that contains the electronic will was at all times, before being offered to the court, in the custody of a qualified custodian in compliance with section 732.524, Florida Statutes, and the electronic will has not been altered in any way since the date it was created.

   6.      The qualified custodian has (check all that apply):

   _____ posted and maintained a blanket surety bond in compliance with the requirements of section 732.525(1)(a), Florida Statutes; or

_____ maintained a liability insurance policy in compliance with the requirements of section 732.525(1)(b), Florida Statutes.

Affiant

Sworn to (or affirmed) and subscribed before me by means of _____ physical presence or _____ online notarization, this _____ day of_____ _____ , 20_____ , by .....(name of person making statement)......

                                                               Signature of Notary Public—State of Florida
(Print, Type, or Stamp Commissioned Name of Notary Public)

Personally Known _____ or Produced _____

Identification Type of Identification Produced _____